IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES TILGHMAN | * | |
| Petitioner | * | |
| v. | * | Civil No. PJM 08-831 |
| UNITED STATES OF AMERICA | * | Criminal No. PJM 03-073 |
| Respondent | * | |

## MEMORANDUM OPINION

Charles Tilghman pled guilty to wire fraud in violation of 18 U.S.C. § 1343 and was sentenced to eighty-seven months imprisonment, followed by three years of supervised release. That sentence was reduced on appeal to seventy-eight months imprisonment, with the remainder of the original judgment reimposed. Tilghman has now filed a *pro se* Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel.

Having considered Tilghman's Motion and the Government's Response, the Court **DENIES** the Motion.

### I.

Tilghman was represented by George Allen Dale, Esquire during his initial appearance, arraignment, and sentencing. This Court originally sentenced Tilghman to an eighty-seven month term of imprisonment, followed by three years of supervised release, and ordered him to pay $1,076,797.63 in restitution. The United States Court of Appeals for the Fourth Circuit

granted the parties' joint motion to remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, both parties recommended that this Court reduce Tilghman's offense level by one level as a result of his acceptance of responsibility. (Tr. 5.) During the hearing, Tilghman asked this Court to accept the one level reduction. (*Id.* at 6.) The Court therefore adopted the parties' recommendation for a one level reduction, sentenced Tilghman to seventy-eight months, the low end of the guidelines range, and reimposed the remainder of its original judgment and sentence.

Tilghman, then represented by Steven Berry, Esquire, filed a Notice of Appeal to the Fourth Circuit, alleging that his sentence was unreasonable and that counsel provided ineffective assistance during the resentencing proceedings. The Fourth Circuit dismissed the appeal, noting that Tilghman's seventy-eight month prison term was well below the twenty-year statutory maximum. *See United States v. Tilghman*, No. 06-5219 (4th Cir. Aug. 3, 2007) (unpublished opinion). In addition, the Court of Appeals refused to review Tilghman's ineffective assistance claim, on the ground that counsel's ineffectiveness did not conclusively appear from the record.

## II.

In his Motion to Vacate, Tilghman first contends that Attorney Dale was ineffective in failing to object to the Government's alleged breach of the Plea Agreement. He submits that the Government violated the Plea Agreement by requesting a one level, rather than a three level, reduction in offense level. Tilghman also asserts that Attorney Dale failed to object to improper questioning by the Government during his resentencing hearing. In particular, he asserts this Court accepted only a one level reduction because Tilghman failed to divulge information in response to Government questions regarding an unrelated crime about which he may or may not

2

have had direct knowledge.

The Government maintains that Tilghman's counsel made a prudent tactical decision in jointly recommending a one level reduction at resentencing. Prior to Tilghman's initial sentencing, the Government agreed not to oppose a three level reduction for acceptance of responsibility. However, the Plea Agreement expressly stated: "This Office may oppose any adjustment for acceptance of responsibility if your client. . .(d) is untruthful with the Court, this Office or the United States Probation Officer." When the Government subsequently discovered that Tilghman had failed to disclose to the U.S. Probation Office information concerning the disposition of approximately $600,000 of criminal proceeds from his wire fraud, it argued Tilghman was no longer entitled to the three level reduction. Given Tilghman's material omission to the Probation Office, as well as this Court's discretion in awarding credit for acceptance of responsibility, the Government disputes that Tilghman's counsel was in any way ineffective. Moreover, the Government asserts and the record indicates that Tilghman himself urged this Court to accept the one level reduction at resentencing.

### III.

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Strickland requires that an individual claiming ineffective assistance demonstrate (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. Representation is deemed deficient if it "falls below an objective standard of reasonableness." *Id.* at 690. In other words, a defendant must demonstrate that his counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Id.* at 687.

A showing of prejudice generally requires a defendant to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. But when a defendant challenges a conviction entered after a guilty plea, the defendant faces a higher burden. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Then, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### IV.
### A.

Tilghman's ineffective assistance claim lacks merit. He alleges that counsel failed to object to the Government's alleged breach of the Plea Agreement, and instead recommended a one, rather than a three level reduction in Tilghman's offense level for acceptance of responsibility. Tilghman cannot demonstrate, however, that counsel's conduct "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. As noted above, Tilghman violated the Plea Agreement by reason of his own lack of candor. Given Tilghman's vulnerability in this regard, counsel's tactical decision to jointly recommend a one level reduction was "well within the range of professional competence." *See United States v. Whisonant*, 229 F.3d 1145, 2000 WL 1186982, at *6 (4th Cir. Aug. 22, 2000).

Tilghman has also failed to demonstrate prejudice. Counsel's alleged ineffective assistance took place well after Tilghman decided to plead guilty. Indeed, Tilghman's own material omission to the Probation Office is what gave rise to the acceptance of responsibility discussion in the first place. Tilghman cannot, therefore, demonstrate that but for counsel's

ineffective assistance, he would not have pled guilty. *Hooper*, 845 F.2d at 475.

### B.

Tilghman next argues that counsel was ineffective in failing to object to alleged improper questioning by the Government during its resentencing hearing. This argument also lacks merit. Tilghman believes the Court accepted a one level reduction in his offense level because he failed to divulge information in response to Government questions regarding an unrelated identity theft scheme. The transcript of the sentencing proceedings, however, reflects no such questioning by the Government. (Tr. 5.) Apart from that, the Court itself rejects any suggestion that it was poised to grant Tilghman a three level downward adjustment of his offense level under the circumstances of this case. Tilghman has failed to demonstrate counsel's deficient performance or any resulting prejudice on this ground.

### V.

For the foregoing reasons, the Court **DENIES** Tilghman's Motion to Vacate, Set Aside or Correct Sentence. [Paper No. 70]

A separate Order will **ISSUE**.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**September 18, 2008**

5